Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5760 | **DATE** | November 30, 2004 |
| **CASE TITLE** | *Trustmark Insurance Co. v. All American Life Ins. Co.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES the motion to dismiss [4-1] but GRANTS the motion to transfer this action to the District of Connecticut [4-2], and thereby enters an order, pursuant to Local Rule 83.4, directing the clerk of the court to transfer this case forthwith. It is hereby ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 02 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Blanche M. Manning |
| | ) | |
| v. | ) | 04 C 5760 |
| | ) | |
| ALL AMERICAN LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
DEC 0 2 2004

## MEMORANDUM AND ORDER

Trustmark Insurance Company ("Trustmark") brought this action against All American Life Insurance Company ("AA") seeking monetary damages and declaratory relief for breach of contract stemming from a partnership dispute. The present motion comes before this Court on AA's Motion to Dismiss or Transfer. For the reasons that follow, the Court GRANTS the motion to transfer and transfers this action to the District of Connecticut, pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND[1]

This dispute arises out of a partnership ("the Partnership") between Trustmark and AA. In 1997-98, Trustmark and AA formed the Partnership to enter into a "reinsurance facility," which is basically a business for pooling insurance policies and splitting the risks and premiums between different insurers. The "reinsurance facility" was to be managed by WEB Management LLC ("WEB" and/or "the WEB Facility"). As part of the WEB Facility, Trustmark and AA entered into numerous and identical "Underwriting/Administrative Management Agreements"

---

[1] The facts in this opinion are derived from the complaints, the parties' submissions, and documents attached thereto.



("the UAM Agreements") with WEB. Under the UAM Agreements, Trustmark and AA gave WEB authority to negotiate and enter into reinsurance contracts on their behalf. Under the Partnership, Trustmark and AA agreed to split the risk of the reinsurance contracts placed by WEB. In all, WEB placed "about 175 reinsurance programs" on behalf of the Partnership. Of these 175 programs, 86 were written on "Trustmark paper," 86 on "AA paper," and three on the "paper" of AA's parent company, United States Life Insurance Company of the City of New York ("US Life").

On December 9, 2003, nine months prior to the filing of this action, US Life filed a complaint against Trustmark in the United States District Court, District of Connecticut ("the Connecticut Action"). US Life seeks monetary damages and declaratory relief stemming from a reinsurance contract (called the "Superior National Life Treaty" or "the Treaty") written on US Life's paper and entered into under the WEB Facility pursuant to an UAM Agreement. Like AA, US Life and Trustmark entered into agreements with WEB for WEB to place and manage reinsurance contracts on their behalf. US Life seeks to have the Connecticut court determine the rights, duties, and liabilities of Trustmark with respect to the Superior National Life Treaty and for damages which it allegedly incurred as a result of Trustmark's breach of contract with respect to its obligations under the Treaty.

Pursuant to Federal Rule of Civil Procedure 26(f), the litigants in the Connecticut Action prepared a report stating in pertinent part that:

- Trustmark would file a motion to dismiss, pursuant to Rule 12(b)(1) and (6); and

- In the event that its motion to dismiss is denied, Trustmark "may join" AA and assert "counterclaims" against AA and US Life seeking monetary and declaratory relief based on breach of their fiduciary duties and breach of contract stemming

from the policies underwritten by the WEB Facility.

On July 28, 2004, the court in the Connecticut Action denied Trustmark's motion to dismiss. Instead of joining AA and asserting counterclaims, however, Trustmark brought this action against AA and a separate action against US Life, which was assigned to Judge Shadur in this district (Case No. 04 C 5761) ("the Shadur Action").

In the present action against AA, Trustmark seeks monetary damages and declaratory relief for breach of contract stemming from the Partnership and the reinsurance contracts placed by the WEB Facility pursuant to the UAM Agreements. According to Trustmark, AA breached its contractual and partnership duties by failing to take liability for 50% of the retained risk and 100% of the risk where there was "retrocessional coverage." Trustmark now seeks reimbursement for payments it made on contracts for which AA had assumed liability. Trustmark also seeks a declaration that it is relieved of its duties and liabilities for risks that it assumed under the UAM Agreements and the Partnership on policies placed on "AA paper."

In the Judge Shadur Action, Trustmark sought damages against US Life for breach of contract. The contract in question was a settlement agreement between US Life and Trustmark which was executed to settle disputes arising from the reinsurance contracts placed by the WEB Facility under the UAM Agreements and the partnership between US Life and Trustmark to share the risk on these contracts. On September 28, 2004, Judge Shadur transferred the action in his court to the District of Connecticut under 28 U.S.C. § 1404(a) on the grounds that the case before him should have been filed as a counterclaim in the Connecticut Action, as required by Federal Rule of Civil Procedure 13(a).

## ANALYSIS

AA contends that this action should be either dismissed under the "first to file rule" or transferred to the District of Connecticut under 28 U.S.C. § 1404(a). Although the Seventh Circuit has applied the first to file rule it does not "rigidly adhere" to the rule. Illinois Blower, Inc. v. Deltak, L.L.C., 2004 WL 765187, at *3 (N.D. Ill. Apr. 7, 2004) (citing Trippe Mfg. Co. v. Am. Power Conversion Corp., 46 F.3d 624, 629 (7th Cir. 1995)). Accord The Barrington Group, Ltd. v. Genesys Software Sys., Inc., 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003). Instead of strictly following the first to file rule, courts in this district apply the transfer factors set forth in section 1404(a), which include whether there is an already similar pending action in another court. See Illinois Blower, Inc., 2004 WL 765187, at *3 (applying section 1404(a) analysis where the first filed action was not "an improper anticipatory filing"); C&F Packing Co. v. KPR, Inc., 1993 WL 278504, at *2 (N.D. Ill. July 22, 1993) (transferring a case under section 1404(a), the court held that "to transfer this case purely on [the] basis of the first to file rule would be of questionable basis"); Medi USA v. Jobst Inst., 791 F. Supp. 208, 210-11 (N.D. Ill. 1992) (declining to strictly apply the first to file rule, but instead, transferring the action pursuant to section 1404(a)); A.P.T. v. Quad Envir. Tech. Corp., 698 F. Supp. 718, 720-24 (N.D. Ill. 1988) (discussing the "first to file rule" but transferring the case under section 1404(a)). Consequently, in deciding AA's motion, this Court will apply the factors from section 1404(a) and not strictly rely on the fact that the Connecticut Action was filed first.

Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Applying section 1404(a), courts hold that a transfer is

4

appropriate if: (1) venue is proper in both the transferor and transferee district; (2) the transfer is for the convenience of both the parties and witnesses; and (3) the transfer is in the interest of justice. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989); Brandon Apparel Group v. Quitman Mfg., 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999).

The party seeking transfer under section 1404(a) bears the burden of showing that the transferee court is clearly more convenient than the current forum. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). In determining whether an action should be transferred pursuant to section 1404(a), the court must seek to promote the efficient administration of justice rather than the individual interests of the parties. North Shore Gas Co. v. Salomon, Inc., 896 F. Supp. 786, 791 (N.D. Ill. 1995). The court should not grant a change in venue if the move will simply shift the inconvenience from one party to another. Countryman v. Stien, Roe & Farnham, 681 F. Supp. 479, 482 (N.D. Ill. 1987).

Here, because Trustmark and AA do not contest that venue is appropriate in both the District of Connecticut and the Northern District of Illinois, this Court will examine whether the transfer is: (I) for the convenience of the parties and witnesses; and (II) in the interest of justice.

I.  **Convenience of the Parties and Witnesses**

Courts consider five factors when evaluating the convenience factor: (A) the plaintiff's choice of forum; (B) the site of material events; (C) the access to evidence; (D) the convenience of the witnesses; and (E) the convenience to the parties of litigating in each forum. Brandon, 42 F. Supp. 2d at 833; College Craft Cos. Ltd. v. Perry, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). Although entitled to deference, "the plaintiff's choice of forum is not dispositive, but merely one factor to be considered." C&F Packing Co. v. KPR, Inc., 1993 WL 278504, at *3. The "most

important" of the above factors is the convenience of the witnesses. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3851, at 415. The party seeking transfer "must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include." C&F Packing Co. v. KPR, Inc., 1993 WL 278504, at *3.

Here, after reviewing the facts put forth in the parties' submissions, this Court holds that Illinois and Connecticut are about equally convenient. While Illinois is home to Trustmark and the location of most of its documents and witnesses, because Trustmark is the defendant in the Connecticut action, this Court fails to see how it will be all that inconvenienced when it will have to transport these documents and witnesses to Connecticut regardless of whether this action is transferred. As for third-party witnesses from WEB, who are important to both actions, because WEB is based in Connecticut, it is clearly the more convenient forum. Moreover, because WEB managed all of the reinsurance contracts at issue in this case, this Court assumes that those documents are located in Connecticut. Accordingly, this Court finds that the convenience factor does not favor either party.

## II. The Interest of Justice

The next factor, whether the transfer will aid the "interest of justice," is, according to many courts, the "most compelling factor." C&F Packing Co., 1993 WL 278504, at *3. See also Medi USA, 791 F. Supp. at 210-11; Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3854, at 439-40. This factor "embraces the traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." Brandon, 42 F. Supp. 2d at 834-35. Transfer may be appropriate in the interests of justice, "even where the convenience of the parties and witnesses calls for a different result." C&F Packing Co., 1993 WL

278504, at *3.

In determining the interest of justice, courts should consider: (A) the speed at which the case will proceed; (B) the court's familiarity with the law that governs the action; (C) the relation of the locale to the controversy and the desirability of settling the matter in that forum; and (D) whether "similar cases are pending" in district which the case is sought to be transferred. Id. Whether there is a similar case pending in the other venue is of particular importance where the two cases have "common questions of law an fact" and there is a "possibility of consolidation." See Householder Int'l, Inc. Westchester Fire Ins. Co., 2002 WL 31307426, at *2 (N.D. Ill. Oct. 11, 2002). This factor takes on even greater significance when the judge in the other case has ruled on substantive matters and has familiarity with the issues. See Illinois Blower, Inc., 2004 WL 765187, at *4.

Here, after carefully reviewing the allegations in this action, the case before Judge Shadur, and the Connecticut Action, this Court finds that the interest of justice factors weigh in favor of transferring this case to the District of Connecticut. Foremost in this decision is the fact that, as Judge Shadur found, this action and the Connecticut Action should be consolidated as they involve similar parties, issues, and seek the same type of relief. As explained in more detail above, in this action, Trustmark seeks from AA monetary damages and declaratory relief for breach of contract stemming from the Partnership and the reinsurance contracts placed by the WEB Facility pursuant to the UAM Agreements. Similarly, in the Connecticut Action, US Life, AA's parent, seeks monetary damages and declaratory relief stemming from a reinsurance contract entered into under the WEB Facility pursuant to an UAM Agreement. To resolve both actions, the court will have to determine the litigants rights and obligations under identical UAM

7

Agreements and almost identical partnership agreements.

Not to transfer this case would result in a waste of judicial resources and slow down the disposition of this case. Because Judge Dorsey in the Connecticut Action, which was filed 9 months prior to this case, has already ruled on a motion to dismiss, he is much more familiar with the issues. As such, by transferring this case, this Court will speed up the disposition of this action and conserve judicial resources. Accordingly, this Court holds that the interest of justice factors weigh in favor of transferring this case to the District of Connecticut, and therefore, grants the motion to transfer.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss [4-1] but GRANTS the motion to transfer this action to the District of Connecticut [4-2], and thereby enters an order, pursuant to Local Rule 83.4, directing the clerk of the court to transfer this case forthwith. It is hereby ordered.

ENTER:

*[signature]*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 11-30-04